Complaint



FILED
CLERK, U.S. DISTRICT COURT

JAN 2 1 2020

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# United States District Court
# Central District of California

Sierra Brown

---

Plaintiff/Petitioner

V.

UMG Recordings, Inc., Interscope Geffen A&M Records, Inc., Warner-Tamerlane Publishing Corp, BMG Rights Management (US) LLC DBA BMG Platinum Songs US, Sony/ATV Music Publishing LLC, 222 Records, Adam Levine, Justin Tranter, Jacob Kasher Hindlin, Phil Shaouy, John Ryan, Noel Fisher, Edrick Miles, Jesse Carmichael, Michael Madden, James Valentine, Matt Flynn, Paul Morton Jr., Samuel Farrar, Nayvadius Wilburn

---

Defendants

## Complaint for Copyright Infringement

## CV20-598-ODW (SKx)

## DEMAND FOR JURY TRIAL

**RECEIVED**
1-16-20

## Introduction

1    The Plaintiff brings this action against Defendants under the Copyright Act Title 17 USC Chapter 5 for Copyright Infringement.

2    The Plaintiff states that her original and pre-existing copyrighted work titled "So Cold" (referred to as "So Cold" hereinafter) was and is being infringed upon by the defendants' work titled "Cold" (referred to as "Cold" hereinafter).  The Plaintiff states that the Defendants had access to her original copyrighted work titled "So Cold".

3    The plaintiff has not granted permission for defendants or anyone else to copy or create any interpolation or derivative or her original work.

4    The Plaintiff has not received any compensation or credit for the defendants' infringing work titled "Cold".

5    The Plaintiff is seeking judgement for general and compensatory damages in the amount of $22,277,717.00 as well 50% of all future royalties for "Cold" and to be listed as a songwriter for "Cold".

## Allegations

Complaint                                                                                          2

6      The Plaintiff was in direct communication with the Defendant, Edrick Miles, periodically from 2003 to 2014.  Throughout this time period, the plaintiff and defendant exchanged multiple songs. "So Cold" was included in these exchanges.

7      The Defendant, Edrick Miles, is signed to Universal Music Publishing Group, a subsidary of UMG Recordings, Inc., whom is the distributor of the infringing work "Cold".  "Cold" was released by Interscope Geffen A&M Records, Inc. and 222 Records, both of which are also subsidiaries of UMG Recordings, Inc.

8      The Plaintiff states "Cold" is substantially similar to "So Cold".  "Cold consists of 92 bars of lyrics.  A total of 56 of the 92 bars are striking or substantially similar to "So Cold".

9      "So Cold" and "Cold" also share song titles and concepts.

10     In addition to that, "Cold" has the exact same rhyming scheme within the first 20 bars of the song as does "So Cold".

11     The Plaintiff states that "Cold" also makes use of the same uncommon metaphor as "So Cold".

12     The two works, "So Cold" and "Cold" also have substantially similar pitches, melodies, and rhythms.

   a. The beginning of the melody in the Verse section of each work uses a repeated note pattern on a single pitch, with similar rhythm (illustrated in red below). This pattern continues throughout the Verse section in "So Cold" (SB) and throughout the Verse and Pre-Chorus sections in "Cold" (M5).



   b. The lyrics "*baby tell me*", found in both works, are set to similar pitches and rhythms (similarities are illustrated by the color red below):



Complaint                                                                                                      3

"Cold" was released on February 14, 2017.  "Cold" peaked at No. 5 on the Adult Top 40 Chart and No. 8 on the Billboard US Mainstream Top 40.  "Cold" also peaked at No. 1 on the Billboard Twitter Real Time Trending 140 chart.

As of December 29th, 2019, "Cold" had over 200 million views on Youtube and over 400,000,000 streams on Spotify.

"Cold" was the second single released from Maroon 5's 6th Studio Album titled "Red Pill Blues".  "Red Pill Blues" was released November 27, 2017.  "Red Pill Blues" peaked at No. 2 on the US Billboard 200.

Maroon 5 conducted a world wide tour that began May 2018 and concluded December 2019.  The "Red Pill Blues" tour consisted of 65 live performances.  The "Red Pill Blues" tour has generated over $50,000,000.

# Parties

Plaintiff Sierra Brown is based in North Carolina

Defendant UMG Recordings, Inc. has a principle place of business in Santa Monica, California

Defendant Interscope Geffen A&M Records Inc. has a principle place of business in Santa Monica, California

Defendant Warner-Tamerlane Publishing Corp has a principle place of business in Los Angeles, California

Defendant BMG Rights Management (US) LLC DBA BMG Platinum Songs US has a principle place of business in Los Angeles, California

Defendant Sony/ATV Music Publishing LLC has a principle place of business in Los Angeles, California

Defendant 222 Records has a principle place of business in Los Angeles, California

Upon information and belief, Defendant Adam Levine principally resides in the Central District of California

Upon information and belief, Defendant Justin Tranter principally resides in the Central District of California

Upon information and belief, Defendant Phil Shaouy principally resides in the Central District of California

Complaint                                                                                      4

27    Upon information and belief, Defendant John Ryan principally resides in the Central District of California

28    Upon information and belief, Defendant Jacob Kasher Hindlin principally resides in the Central District of California

29    Upon information and belief, Defendant Jesse Carmichael principally resides in the Central District of California

30    Upon information and belief, Defendant Michael Madden principally resides in the Central District of California

31    Upon information and belief, Defendant James Valentine principally resides in the Central District of California

32    Upon information and belief, Defendant Matt Flynn principally resides in the Central District of California

33    Upon information and belief, Defendant Paul Morton Jr. principally resides in the Central District of California

34    Upon information and belief, Defendant Samuel Farrar principally resides in the Central District of California

35    Upon information and belief, Defendant Nayvadius Wilburn routinely conducts business in the Central District of California

36    Upon information and belief, Defendant Noel Fisher routinely conducts business in the Central District of California

37    Upon information and belief, Defendant Edrick Miles routinely conducts business in the Central District of California

## Jurisdiction and Venue

38    This is a civil action seeking damages for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, et seq. The Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. § 1331 and 1338(a).

39    This Court has personal jurisdiction over Defendants because, among other things, Defendants are doing business in the State of California and in this judicial district, and acts of infringement complained of herein occurred in the State of California and in this judicial district.

Complaint                                                                                          5

40      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because the infringement occurred in this district, and each Defendant either resides in this district or has substantial and continuous ties to this district.

## Prayer for Relief

41      The Plaintiff is seeking compensatory relief in the amount of $22,277,717 for profits made off of the infringing work.

42      The Plaintiff is also seeking judgment to be added and listed as a songwriter for the infringing work titled "Cold".

43      The Plaintiff is also seeking judgement to obtain 50% of all future royalties that accumulate from the infringing work titled "Cold".

Date:      January 11, 2020                          _____Sierra Brown_____

                                                                    Plaintiff/Petitioner

Complaint                                                                                    6

## Demand for Jury Trial

Plaintiff Sierra Brown hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 38.


Date:        January 11, 2020                        _Sierra Brown_

                                                     Plaintiff/Petitioner



Visit **ups.com®** or call **1-800-PICK-UPS®** (1-800-742-5877) to schedule a pickup or find a drop off location near you.

**Domestic Shipments**
· To qualify for the Letter rate, UPS Express Envelopes may only contain correspondence, urgent documents, and/or electronic media, and must weigh 8 oz. or less. UPS Express Envelopes containing items other than those listed or weighing more than 8 oz. will be billed by weight.

**International Shipments**
· The UPS Express Envelope may be used only for documents of no commercial value. Certain countries consider electronic media as documents. Visit ups.com/importexport to verify if your shipment is classified as a document.

· To qualify for the Letter rate, the UPS Express Envelope must weigh 8 oz. or less. UPS Express Envelopes weighing more than 8 oz. will be billed by weight.

**Note:** Express Envelopes are not recommended for shipments of electronic media containing sensitive personal information or breakable items. Do not send cash or cash equivalent.

## Reusable Express Envelope

velope a second time – ther recipient.

...ntal platform, reflecting our ... sustainable business practices worldwide. For example, this envelope is made from 100% recycled material and is both reusable and recyclable.

100% Recycled fiber
80% Post-Consumer

International Shipping Notice — Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Convention on the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.



**Reusable Express Envelope**