O

# United States District Court
# Central District of California

| | |
|---|---|
| SIERRA BROWN,<br><br>                    Plaintiff,<br><br>        v.<br><br>UMG RECORDINGS, INC., et al.,<br><br>                    Defendants. | Case № 2:20-cv-0598-ODW (SKx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [42]** |

    Before the Court is Defendants UMG Recordings, Inc., Interscope Geffen A&M Records, Inc.,[1] and Warner-Tamerlane Publishing Corp.'s ("Defendants") Motion to Dismiss Plaintiff Sierra Brown's Complaint ("Motion"). (*See* Mot.) After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument on August 4, 2020. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

    On January 21, 2020, Brown initiated this action for copyright infringement against numerous defendants. (*See* Compl., ECF No. 1.) Despite the Court granting Brown several extensions of time to serve, all but the moving Defendants have been

---

[1] Defendants note that Interscope Geffen A&M Records is an unincorporated division of UMG Recordings, Inc., and has been erroneously sued here as "Interscope Geffen A&M Records, Inc." (Mot. to Dismiss ("Mot.") 1, ECF No. 42.)

dismissed as a result of Brown's failure to timely complete service. (*See* ECF Nos. 13, 34, 41, 46.)

Defendants move to dismiss Brown's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Mot. 1, 5.) Defendants noticed the Motion for August 10, 2020, which required Brown to file any opposition no later than July 20, 2020. *See* C.D. Cal. L.R. 7-9. Because Brown is proceeding pro se, Defendants expressly notified her of this deadline. (Notice of Mot. 1.) Defendants also informed Brown that, under the Local Rules, "[t]he Court may deem [Brown's] failure to timely file opposition papers consent to the granting of Defendants' Motion." (Notice of Mot. 1 (citing C.D. Cal. L.R. 7-12).) However, to date, Brown has filed no opposition.

Local Rule 7-9 requires an opposing party to file an opposition to a motion not later than twenty-one days before the designated hearing date. C.D. Cal. L.R. 7-9. A party that does not file an opposition may be deemed to consent to the granting of the motion. C.D. Cal. L.R. 7-12; *see Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (upholding district court's dismissal of plaintiff's complaint based on failure to oppose motion as required by local rules). Prior to dismissing an action pursuant to a local rule, courts must weigh: (1) the public interest in expeditious resolution of cases, (2) the court's need to manage its docket, (3) the risk of prejudice to defendants, (4) public policy favoring disposition of cases on the merits, and (5) the availability of less drastic measures. *Id.* at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "Explicit findings with respect to these factors are not required." *Ismail v. Cty. of Orange*, SACV 10-00901 VBF (AJW), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012) (citing *Henderson*, 779 F.2d at 1424; *accord*, *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 129 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988)). In *Ghazali*, the Ninth Circuit found these factors satisfied where the plaintiff received notice of the motion, had ample opportunity to respond, yet failed to do so. *See Ghazali*, 46 F.3d at 54.

Consideration of the *Ghazali* factors convinces the Court of the propriety of granting the Motion. Further, Brown received notice of the Motion and had ample opportunity to respond, yet has not filed any opposition or other response. Brown was aware of the Motion because Defendants met and conferred with her before filing it and she provided Defendants with additional information regarding her claims. (*See* Mot. 3–4 (noting Brown provided color-copy music transcriptions).) Brown also received notice of the Motion via the Court's CM/ECF system, as she applied for and was granted permission to file electronically as a pro se filer at the inception of the case. (*See* ECF No. 8.) Additionally, Brown was formerly active in this litigation, having requested several extensions of time to serve defendants. (*See* "First" Ex Parte Appl. for Extension, ECF No. 9; "First" Mot. for Extension, ECF No. 32; "Third" Mot. for Extension, ECF No. 39.) Thus, she has demonstrated the ability to request an extension of time when she desires one, yet she has not done so in response to Defendants' Motion.

Brown had notice of the Motion and was previously engaged in this matter, yet has not responded to Defendants' Motion. Brown offers no excuse for failing to oppose. As such, the Court construes Brown's failure to respond to Defendants' Motion as consent to the Court granting it. Pursuant to Local Rule 7-12 and *Ghazali*, the Court **GRANTS** Defendants' Motion to Dismiss and **DISMISSES** Brown's Complaint. (ECF No. 42.)

**IT IS SO ORDERED.**

August 28, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**